## BENIGNO v. THE STATE OF OHIO.

*Criminal law—Empanelling jury—Waiver of error in overruling challenge for cause—Continuing examination and passing juror—Peremptory challenges—Requiring exercise or waiver in rotation—Failure to admonish jury before separation.*

1. Where counsel for accused examines a juror and challenges him for cause, which challenge is overruled by the court, such counsel, by subsequently proceeding with the examination of such juror, and at the conclusion passing the juror for cause, thereby waives any error there might have been in overruling the challenge when made.

2. In the examination of jurors in a criminal prosecution, it is not error for the court to require the state to exercise or waive one peremptory challenge and the defense to exercise or waive four peremptory challenges, and so on until all challenges are exhausted, where the court states that such method would not operate to deprive either party of his right to exercise the full number of peremptory challenges allowed by statute.

3. It is not error to permit the jury in a criminal prosecution to separate before the case is finally submitted, without admonishment as to their conduct during separation, where the jurors are separated into groups, placed in the custody of officers of the court, and permitted to go to their homes to secure clothing, if the record fails to show that they at any time came in contact with persons other than the officers or did anything other than secure clothing.

(Decided May 6, 1922.)

ERROR: Court of Appeals for Cuyahoga county.

*Mr. P. J. Mulligan,* for plaintiff in error.

*Mr. Edward C. Stanton,* prosecuting attorney, and *Mr. James T. Cassidy* and *Mr. Harry E. Parsons,* assistant prosecuting attorneys, for defendant in error.

BY THE COURT. Dominick Benigno was charged with, tried for and convicted of murder in the first degree.

The indictment charged that on December 31, 1920, while perpetrating a robbery, Benigno, with others, purposely killed Wilfred Sly.

In returning their verdict the jury did not recommend mercy.

As the questions argued in the briefs were questions of law rather than a consideration of the facts, it will not be necessary to further state the case.

The errors assigned are:

1. The overruling of a challenge for cause to juror F. B. Jenkin.

2. The manner of exercising peremptory challenges.

3. Permitting the jury to separate during the trial, without being admonished by the court as to their conduct.

4. Misconduct of the prosecuting attorney in his argument to the jury.

The examination of Jenkin as to his qualifications as a juror covers about nine pages. Counsel for Benigno questioned Jenkin, and the record is that after counsel for Benigno asked the juror eleven questions he challenged for cause. He then asked six additional questions, and the court overruled the challenge for cause. The same counsel then proceeded with the examination, which covered six additional pages. This examination was more in detail and complete than that made prior to the overruling of the challenge. At the conclusion of the examination, counsel passed the juror for cause. This waived any question of error in overruling the challenge when made.

The claim of error in the manner of exercising peremptory challenges cannot be sustained. The state was required to exercise or waive a peremptory challenge, and the defendant was required to exercise or waive four peremptory challenges, and so on until all challenges were exhausted, and the court added that this order of exercising challenges would not operate as a denial of the right of either party to exercise its full number of peremptory challenges allowed by the statute.

The manner of exercising challenges involves judicial discretion, and the method adopted in this case does not show an abuse of that discretion.

It is claimed that the jurors were permitted to separate without being cautioned or instructed by the court as to their conduct.

Two separations of the jury are cited. In one instance one juror remained in the court room, after the other jurors had retired at an intermission. The other was, that on Saturday, after the trial started, the jurors were taken by officers of the court in automobiles to their homes. The jurors were divided so that the group living in the East End were sent together in an automobile, and those living in the West End were sent in another machine to their homes, for the purpose of securing sufficient clothing while the trial was in progress.

We do not understand that this was such a separation as is contemplated by Section 13688, General Code. Under that section it is within the discretion of the court to allow the jury to be separated at any time until the case is finally submitted. After the case is submitted the jurors must be kept together. Its language is:

"If the jurors are permitted to separate during

the trial, they shall be admonished by the court not to converse with, nor permit themselves to be addressed by, any person," etc.

The admonishment here specified applies when the jurors are permitted to go to their homes and mingle with the public while the trial is in progress. On the Saturday in question, the jurors were separated into groups, placed in the custody of officers of the court, and, while they were taken to their homes for the purpose of securing clothing, there is nothing in the record to show that they at any time came in contact with persons other than the officers, nor did they do anything other than secure the clothing aforesaid.

It is claimed that one of counsel for the state was guilty of misconduct in his argument to the jury, in that he stated facts in his argument that there was no evidence in the record to establish. This contention is not borne out by the record.

Counsel for the state commented critically and with much force on the veracity of one witness, and questioned the failure of counsel for plaintiff in error to bring out facts within the knowledge of witnesses that would have materially benefited his client, if true. The argument of counsel was that from the failure to question the witnesses as to those facts, it could be deduced that they did not exist.

Some questions were made with reference to the examination of the jurors on their *voir dire* as to the recommendation of mercy. That question, as well as the other questions with reference to the recommendation of mercy by a jury, has been settled by the supreme court in the following cases: *State* v. *Ellis*, 98 Ohio St., 21; *State* v. *Huffman*, 86 Ohio

St., 229; *Shelton* v. *State,* 102 Ohio St., 376, and *Howell* v. *State,* 102 Ohio St., 411.

The guilt of the plaintiff in error was fully established.

The judgment of the court of common pleas will be affirmed.

*Judgment affirmed.*

HAMILTON, P. J., CUSHING and BUCHWALTER, JJ., concur.

Judges of the First Appellate District, sitting in place of Judges INGERSOLL, VICKERY and SULLIVAN of the Eighth Appellate District.